IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKESHA HUDSON<br>7720 Lamport Road<br>Upper Darby, PA 19082<br><br>         Plaintiff,<br><br>     v.<br><br>INSOMNIA COOKIES, LLC<br>10 Campus Blvd<br>Newton Square, PA 19073<br><br>         Defendant. | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

**CIVIL ACTION COMPLAINT**

Plaintiff Lakesha Hudson ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Insomnia Cookies, LLC ("Defendant").

**INTRODUCTION**

1.	Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Defendant discriminated against Plaintiff due to her disability, and/or retaliated against her because of her disability, causing Plaintiff to suffer damages.

**JURISDICTION AND VENUE**

2.	The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.	This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative prerequisites to her filing of her instant ADA claims.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. At all times relevant herein, Plaintiff worked for Defendant at its facility located at the address set forth in the caption.

10. Defendant is a business entity that does business in Pennsylvania at the above captioned address.

11. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. Plaintiff suffers from diabetes (hereinafter referred to as Plaintiff's "disability").

14. Due to her disability, Plaintiff takes sugar pills twice a day to maintain her blood sugar levels.

15. Due to her disability, Plaintiff periodically checks her blood sugar throughout the day.

16. On or about October 16, 2016, Defendant hired Plaintiff as a Security Officer.

17. Plaintiff's duties as a Security Officer included monitoring approximately 72 screens of security footage (from 15 properties of Defendant) with four other Security Officers.

18. Plaintiff and the other Security Officers, including their Supervisor, often had their cell phones out during their shift to listen to music.

19. At all times relevant herein, Defendant was aware of Plaintiff's disability as Plaintiff would periodically check her blood sugar levels while at her desk at work.

20. In or around early December 2016, Plaintiff's supervisor, Tim Bailer ("Supervisor Bailer"), admonished Plaintiff for having her cell phone out to listen to music while she was working.

21. Supervisor Bailer did not admonish any of the other Security Officers for having their cell phones out to listen to music while they were working.

22. While at work on or around December 22, 2016, Plaintiff suffered a diabetic attack, causing Plaintiff severe nausea, trembling, and dizziness, which resulted in Plaintiff being rushed from work to the hospital.

23. During the diabetic attack, a bag of unused lancets (devices that Plaintiff used to test as-needed blood sugar levels) accidentally fell to the floor near her work station.

24. While the bag of unused lancets remained intact, and while the unused lancets were in no way "biohazardous," the next day Plaintiff discovered a sign posted in the security office at work which read: *"don't leave your biohazardous waste on the floor in the security office."*

25. Plaintiff perceived the sign as harassing, discriminatory, and targeting her due to her disability.

26. On or around December 31, 2016 through January 1, 2017, Plaintiff experienced another diabetic attack and sought treatment at the hospital.

27. As a result of same, Plaintiff informed Defendant she would not be able to work her shift that began the evening of December 31, 2016.

28. On or around January 17, 2017, Defendant fired Plaintiff.

29. Defendant's alleged reason for firing Plaintiff was vaguely conveyed to Plaintiff as using her cell phone at work.

30. While Plaintiff used her cell phone at work to listen to music, so did the other Security Officers, yet they were not fired for using their cell phones at work.

31. In reality, Defendant fired Plaintiff because she suffers from a disability.

32. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT I
## Violation of the ADA
## (Disability Discrimination)

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At all times relevant, Plaintiff's disability rendered her an individual with a disability under the ADA.

35. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

36. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

37. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

38. The ADA prohibits employers, such as Defendant, from discriminating against an employee on the basis of a disability.

39. Defendant violated Plaintiff's rights under the ADA because Defendant fired Plaintiff at least in part because she suffered from a disability and/or because she suffered a diabetic episode while at work, and/or because Defendant perceived Plaintiff as suffering from a disability.

40. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
## Violation of the ADA
## (Disability Harassment)

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. The ADA prohibits employers, such as Defendant, from harassing an employee on the basis of a disability.

43. Defendant violated Plaintiff's rights under the ADA because Defendant harassed Plaintiff and fired Plaintiff at least in part because she suffered from a disability.

44. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
## Violation of the ADA
## (Failure to Accommodate)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. Defendant harassed and/or fired Plaintiff at least in part because she required an accommodation for her disability in that she required the ability to periodically test her blood levels during the workday.

47. Defendant could have reasonably accommodated Plaintiff's absence to go the hospital and reasonably accommodated Plaintiff's need to test her blood levels during the workday.

48. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
## Violation of the ADA
## (Retaliation / Wrongful Termination)

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. Defendant fired Plaintiff at least in part because she required an accommodation for her disability in that she required the ability to periodically test her blood levels during the workday.

51. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT V
## Violation of the PHRA
## (Disability Discrimination)

52. At all times relevant, Plaintiff's disability rendered her an individual with a disability under the PHRA.

53. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

54. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the PHRA.

55. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

56. The PHRA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

57. Defendant violated Plaintiff's rights under the PHRA because Defendant fired Plaintiff at least in part because she suffered from a disability and/or because Defendant perceived Plaintiff as suffering from a disability.

58. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VI
**Violation of the PHRA**
**(Disability Harassment)**

59. The foregoing paragraphs are incorporated herein as if set forth in full

60. The PHRA prohibits employers, such as Defendant, from harassing an employee on the basis of a disability.

61. Defendant violated Plaintiff's rights under the PHRA because Defendant harassed Plaintiff and fired Plaintiff at least in part because she suffered from a disability.

62. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VII
**Violation of the PHRA**
**(Failure to Accommodate)**

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. Defendant harassed and/or fired Plaintiff at least in part because she required an accommodation for her disability in that she required the ability to periodically test her blood levels during the workday.

65. Defendant could have reasonably accommodated Plaintiff's absence to go the hospital and reasonably accommodated Plaintiff's need to test her blood levels during the workday.

66. As a result of Defendant's unlawful actions, Plaintiff has a continues to suffer damages.

## COUNT VIII
## Violation of the PHRA
## (Retaliation / Wrongful Termination)

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. Defendant harassed and/or fired Plaintiff at least in part because she suffered a diabetic episode while at work that required that she be taken to the hospital, she needed to call out of work due to a diabetic episode, and/or her bag of unused lancets fell to the floor during a diabetic episode she suffered at work.

69. Defendant harassed and/or fired Plaintiff at least in part because she required an accommodation for her disability in that she required the ability to periodically test her blood levels during the workday.

70. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

    A.    Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, need for an accommodation, and/or need for protected medical leave;

    B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

    C.    Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

    D.    Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

    E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

    F.    Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Richard Swartz*_____
Richard S. Swartz, Esq.
Carley A. Doyle, Esq.
1101 Kings Hwy N. Suite 402
Cherry Hill, NJ 08034
(856) 685-7420  Phone
(856) 685-7417  Fax

Dated: November 3, 2017