**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LAKESHA HUDSON, | : | |
| | : | No. 2:17-cv-04959-GJP |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| INSOMNIA COOKIES, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

<u>**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**</u>

Defendant, Insomnia Cookies, LLC, by and through its attorneys, Goldberg Segalla LLP, hereby answers the Complaint of the plaintiff, Lakesha Hudson, as follows:

**INTRODUCTION**

1.   Denied.  The averments contained in this introductory paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

**JURISDICTION AND VENUE**

2.   Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

3.   Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

4.   Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

5.   Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

6.   Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

## PARTIES

7.   Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

8.   Admitted in part; denied in part.  It is admitted only that Plaintiff is an adult individual. To the extent that the averments contained in this paragraph of the Complaint refer to Plaintiff's current residence, Defendant has insufficient knowledge or information upon which to form a belief as to the truth of such averments, and therefore, said averments are denied and strict proof thereof is demanded.

9.   Admitted.

10. Admitted.

11. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

## FACTUAL BACKGROUND

12. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

13. Denied.  Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

14. Denied.  Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

15. Denied.  Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

16. Denied.  It is denied that Defendant hired Plaintiff on October 16, 2016, and strict proof thereof is demanded.

17. Denied.  The averments contained in this paragraph of the Complaint refer to a written job description for Plaintiff's position which speaks for itself, and accordingly, Plaintiff's characterization of the contents of same is denied.

18. Admitted in part; denied in part.  It is admitted that Plaintiff violated company policy on more than one occasion by using her cell phone during her scheduled shift, for which she was disciplined.  To the extent that the averments contained in this paragraph of the Complaint refer to cell phone use by unnamed "other Security Officers," Defendant has insufficient knowledge or information upon which to form a belief as to the truth of such averments, and therefore, said averments are denied and strict proof thereof is demanded.

19. Denied.  The corporate Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

20. Admitted in part; denied in part.  It is admitted that Plaintiff's supervisor, Tim Bailer, issued a written warning to Plaintiff in January 2017 for her violation of Defendant's policy on cell phone use within the Security Suite.  The remaining averments contained in this paragraph of the Complaint are denied and strict proof thereof is demanded.

21. Denied.  As the averments contained in this paragraph of the Complaint refer to cell phone use by unnamed "other Security Officers," Defendant has insufficient knowledge or information upon which to form a belief as to the truth of such averments, and therefore, said averments are denied and strict proof thereof is demanded.

22. Denied.  The corporate Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

23. Denied.  The corporate Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

24. Denied.  It is denied that Defendant posted the alleged sign.  The corporate Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

25. Denied.  As the averments contained in this paragraph of the Complaint refer to Plaintiff's mental impressions, Defendant has insufficient knowledge or information upon which to form a belief as to the truth of such averments, and therefore, said averments are denied and strict proof thereof is demanded.

26. Denied.  Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

27. Denied.  The corporate Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in this paragraph of the Complaint, and therefore, said averments are denied and strict proof thereof is demanded.

28. Admitted in part; denied in part.  It is admitted that Plaintiff's employment with Defendant was terminated in January 2017.  It is denied that the termination occurred on January 17, 2017.

29. Denied.  It is denied that Plaintiff was only given a "vague" reason for the termination of her employment, and strict proof thereof is demanded.

30. Denied.  As the averments contained in this paragraph of the Complaint refer to cell phone use by unnamed "other Security Officers," Defendant has insufficient knowledge or information upon which to form a belief as to the truth of such averments, and therefore, said averments are denied and strict proof thereof is demanded.

31. Denied.  It is expressly denied that the termination of Plaintiff's employment was based on disability, and strict proof thereof is demanded.

32. Denied.  It is denied that any conduct on the part of Defendant constituted a violation of law entitling Plaintiff to "damages," and strict proof thereof is demanded.  By way of further answer, to the extent that the averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, said averments are denied and strict proof thereof is demanded.

**COUNT I**
**Violation of the ADA**
**(Disability Discrimination)**

33. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

34. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

35. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

36. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

37. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

38. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

39. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded. By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is

demanded.  It is further denied that the termination of Plaintiff's employment was based in any way on her alleged disability.

40. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded. By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

**COUNT II**
**Violation of the ADA**
**(Disability Harassment)**

41.   Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

42. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

43. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

44. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any

conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

## COUNT III
## Violation of the ADA
## (Failure to Accommodate)

45. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

46. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded. By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

47. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded. By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

48. Denied. The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded. By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

**COUNT IV**
**Violation of the ADA**
**(Retaliation / Wrongful Termination)**

49. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

50. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

51. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the ADA, and strict proof thereof is demanded.

**COUNT V**
**Violation of the PHRA**
**(Disability Discrimination)**

52. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

53. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

54. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

55. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

56. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

57. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

58.  Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

**COUNT VI**
**Violation of the PHRA**
**(Disability Harassment)**

59. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

60. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.

61. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

62. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

### COUNT VII
### Violation of the PHRA
### (Failure to Accommodate)

63. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

64. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

65. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

66. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

## COUNT VIII
### Violation of the PHRA
### (Retaliation / Wrongful Termination)

67. Defendant incorporates by reference its responses to each of the foregoing paragraphs in the Complaint as if set forth herein at length.

68. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

69. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any

conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

70. Denied.  The averments contained in this paragraph of the Complaint are conclusions of law to which no responsive pleadings are required, and therefore, said averments are denied and strict proof thereof is demanded.  By way of further answer, it is expressly denied that any conduct on the part of Defendant constituted a violation of the PHRA, and strict proof thereof is demanded.

WHEREFORE, Defendant, Insomnia Cookies, LLC, demands judgment in its favor and against plaintiff, Lakesha Hudson, together with costs, counsel fees and such other and further relief that this Honorable Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

71. The Complaint fails to state a claim upon which relief can be granted.

72. No conduct on the part of Defendant constitutes a violation of the ADA.

73.  No conduct on the part of Defendant constitutes a violation of the PHRA.

74.  Defendant did not discriminate, harass or retaliate against Plaintiff on the basis of disability.

75.  Defendant had a legitimate, non-discriminatory and non-retaliatory basis for the termination of Plaintiff's employment.

76.  Defendant's legitimate, non-discriminatory and non-retaliatory basis for the termination of Plaintiff's employment was not a pretext for unlawful discrimination, harassment or retaliation.

77.  Defendant's legitimate, non-discriminatory and non-retaliatory basis for the termination of Plaintiff's employment was not a violation of public policy.

78.   Plaintiff violated Defendant's company policies and/or work rules.

79.   Plaintiff's claims are limited to, or barred by, the ADA and the PHRA.

80.   Defendant claims all defenses available to it under the provisions of the ADA and the PHRA.

81.   Plaintiff has failed to mitigate her damages.

82.   Defendant breached no duty owed to Plaintiff.

83.   No conduct on the part of Defendant caused or contributed to Plaintiff's alleged injuries and/or damages.

84.   The injuries and/or damages alleged by Plaintiff were caused solely or in part by her own negligence and misconduct.

85.   Plaintiff's claims are barred by the Doctrine of Laches, Estoppel, and/or Waiver.

86.   The Complaint fails to state a cause of action upon which punitive damages may be awarded as against Defendant.

87.   Monetary damages sought, in the nature of either punitive or delay damages, are unconstitutional and/or violative of due process, equal protection and other constitutional standards.

88.   An award of punitive damages against Defendant would violate the due process clause of the 14th Amendment to the United States Constitutions, the due process provisions of the Constitution of the Commonwealth of Pennsylvania and would be improper under the common law and public policies of the Commonwealth of Pennsylvania.

89.   Defendant reserves the right, pending completion of discovery, to assert such additional defenses as may exist.

WHEREFORE, Defendant, Insomnia Cookies, LLC, demands judgment in its favor and against plaintiff, Lakesha Hudson, together with costs, counsel fees and such other and further relief that this Honorable Court deems just and appropriate.

### **JURY DEMAND**

Defendants hereby demand a trial by jury as to all factual issues.

Respectfully submitted,

By:    /s/ Carianne P. Torrissi
Carianne P. Torrissi
**GOLDBERG SEGALLA LLP**
Mailing address:  PO Box 360, Buffalo, NY 14201
1700 Market Street, Suite 1418
Philadelphia, PA 19103
ctorrissi@goldbergsegalla.com
(267) 519-6835
*Attorneys for Defendant,*
*Insomnia Cookies, LLC*

Dated:  January 5, 2018